OPINION
Donald Hefner, a minor, appeals a judgment of the Court of Common Pleas, Juvenile Division, of Morrow County, Ohio, which adjudicated him delinquent by virtue of an act which would be a felony if committed by an adult, namely assault of a police officer in violation of R.C. 2903.13, and acts, which, committed by an adult, would be misdemeanors, namely disorderly conduct in violation of R.C. 2917.11 and resisting arrest in violation of R.C.2921.33. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED IN PAGE 312 OF THE RECORD WHEN IT FOUND THE JUVENILE GUILTY ON ALL THREE COUNTS WHEN FIVE (5) EYEWITNESSES TESTIFIED, FROM PERSONAL OBSERVATION AND HEARING, THAT THE JUVENILE WAS (1) NEVER PLACED UNDER ARREST, (2) NEVER UTTERED FIGHTING WORDS, (3) NEVER RESISTED ANY ARREST, AND (4) NEVER ASSAULTED ANYONE, MAKING THE VERDICT AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
ASSIGNMENT OF ERROR II
 THE TRIAL COURT ERRED AT PAGE 315 OF THE RECORD WHEN IT SENTENCED THE JUVENILE, THEN 17 YEAR OLD, TO THE OHIO YOUTH COMMISSION UNTIL HIS TWENTY-FIRST BIRTHDAY.
ASSIGNMENT OF ERROR III
 THE TRIAL COURT ERRED AT PAGE 312 OF THE RECORD WHEN IT FOUND THE JUVENILE GUILTY ON ALL THREE COUNTS SINCE THERE WAS NEVER A CRIME COMMITTED PRIOR TO THE OFFICERS' CONFRONTATION OF THE JUVENILE; RATHER, THE CONFRONTATION OCCURRED BASED SOLELY UPON "ALLEGED SUSPICIOUS ACTIVITY" WHICH WAS FOUND TO BE INNOCUOUS, AND THERE WAS NO PROBABLE CAUSE FOR AN ARREST IN THE FIRST PLACE.
Appellant was arrested on December 14, 1996. His version of the events leading up to his arrest differ markedly from the Morrow County Sheriff's Deputies' version. Deputies Dan Bowers and Lisa Davis of the Morrow County Sheriff's Office were on routine patrol near Marengo, Morrow County, Ohio. The deputies had been instructed to patrol the Marengo area more frequently than normally because of a large number of complaints regarding juvenile crime in the village. The deputies observed several juveniles in front of the drug store near the intersection of State Route 229 and County Road 26. The officers testified as their cruiser stopped at the intersection, the juveniles took off running towards an alley behind the store. The deputies followed, at which time they saw the juveniles peer around the corner at them and then disappear. The deputies split up, Deputy Bowers positioned himself in the alley, while Deputy Davis drove around the block in an attempt to locate the juveniles. Eventually, Deputy Bowers approached the three juveniles and asked them for identification. Deputy Bowers testified appellant tried to hide behind a dumpster, and refused to identify himself. Deputy Bowers testified appellant became profanely abusive, calling him, among other things, "mother fucker", "cock sucker", and "fat ass pig". Appellant, on the other hand, and several other witnesses, testified appellant gave his name calmly and without abusiveness. The situation deteriorated, and eventually Deputy Bowers placed appellant under arrest for disorderly conduct. Appellant's witnesses testified they never heard either deputy place appellant under arrest. A struggle ensued in which appellant allegedly struck Deputy Lisa Davis. When finally placed into the rear seat of the cruiser, appellant allegedly attempted to kick one of the officers. The testimony was uncontradicted that at the time of the initial stop, the officers were not investigating any specific crime.
 I
In his first assignment of error, appellant argues the convictions for disorderly conduct, resisting arrest, and assault on a peace officer were against the manifest weight of the evidence. The Ohio Supreme Court has recently had occasion to review Ohio law regarding questions of sufficiency and weight of the evidence in State v. Thompkins (1997), 78 Ohio St.3d 380. The Supreme Court in Thompkins noted the legal concepts of the sufficiency of the evidence and weight of the evidence are both qualitatively and quantitatively different. Sufficiency of the evidence refers to the legal standard which is applied to determine whether the evidence is legally sufficient to support a verdict as a matter of law, Thompkins, at 386, citations deleted. Even though a judgment may be sustained by sufficient evidence, the judgment may nevertheless be against the weight of the evidence because the concept of weight of the evidence concerns the amount of credible evidence offered in a trial in support of one side of the issue, Thompkins at 387, citations deleted.
Here, the matter was addressed to the juvenile court, and did not require the court to determine whether to submit the matter to a jury. Appellant urges the case is replete with reasonable doubt, because three officers involved in the arrest testified the juvenile was belligerent, profane, and violent, while appellant presented the evidence of five persons alleging the juvenile conducted himself in an appropriate manner and did not utter profanities.
R.C. 2917.11 prohibits causing another inconvenience, annoyance, or alarm by making unreasonable noise or offensive utterance, gesture or display. While courts have frequently found an officer of the law is exposed in his profession to situations which should render the officer less sensitive than the average person to abusive language, nevertheless repeated profanity can be sufficiently provocative to sustain a conviction under R.C.2917.11, see e.g. State v. Dickey (1991), 75 Ohio App.3d 628.
Here, the matter is straightforwardly an issue for the trier of fact. The trial court found the testimony of the law officers more credible than appellant's witnesses, and we find a rational trier of fact could find, from the evidence presented, the State had proven the elements of the crime charged beyond a reasonable doubt.
The first assignment of error is overruled.
 II
In his second assignment of error, the appellant argues he should not have been sentenced to the custody of the Ohio Youth Commission until his twenty-first birthday. R.C. 2929.12(C) directs the court to consider all the facts and circumstances of the case, including whether the offender's conduct is less serious than conduct normally constituting the offense, whether the victim induced the offense, whether the offender acted under strong provocation, or whether the offender caused or expected to cause physical harm to any person or property. Appellant urges the evidence shows the officers antagonized appellant. Appellant also argues it is most likely the blow sustained by Deputy Sheriff Lisa Davis was accidental.
R.C. 2151.355 directs the court in the disposition of delinquent children. If the child is adjudicated a delinquent child for committing an act that would be a felony of the third, fourth, or fifth degree if committed by an adult, as is the case here, the statute permits the court to commit the child to legal custody of the Department of Youth Services for an indefinite term consisting of a minimum of six months and a maximum period not to exceed the child's twenty-first birthday.
The State also points out appellant had a prior conviction of resisting arrest which also involved a physical altercation with law enforcement officers.
We find the disposition of appellant by the court conforms to the requirements of Ohio law pertaining to juveniles. Accordingly, the second assignment of error is overruled.
 III
Finally, appellant argues the court erred in adjudicating him delinquent on all three counts because it is undisputed the officers were not investigating a crime, and had no probable cause for an arrest based solely upon vague allegations of alleged suspicious activity in the area.
The scenario in which appellant was involved certainly did not include probable cause to arrest at the time the officers first approached appellant and his friends. However, the officer did not need probable cause to arrest when they approached the juveniles and asked them to identify themselves. TheFourth Amendment of the United States Constitution, and Article I, Section 14 of the Ohio Constitution provide for the right of persons to be secure against unreasonable search and seizures. However, police officers have always had the ability to engage persons in limited detention or questioning on less than probable cause, see e.g. Terry v. Ohio (1968), 392 U.S. 1; Immigration Naturalization Services v. Delgado (1984), 466 U.S. 210. Further, when the juveniles fled upon perceiving the police cruiser, the law enforcement officer has a reasonable articulable suspicion to inquire further.
Finally, appellant did not file a motion to suppress, and can be deemed to have waived this assignment of error.
The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Morrow County, Ohio, is affirmed.
By Gwin, P.J., Hoffman, J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Juvenile Division, of Morrow County, Ohio, is affirmed. Costs to appellant.